UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Andrew C. Wiesner

    v.                                Case No. 18-cv-673-JL

Jeb Parsons
Julie Cleary

**REPORT AND RECOMMENDATION**

Plaintiff Andrew C. Wiesner, proceeding in forma pauperis, has filed a Complaint (Doc. No. 1) that is before this court for preliminary review, pursuant to LR 4.3(d) and 28 U.S.C. § 1915(e)(2).

**Preliminary Review Standard**

The magistrate judge conducts a preliminary review of pleadings filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter,

accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## Background

Wiesner alleges that defendants Jeb Parsons and Julie Cleary own a parking lot and operate a business served by the lot, respectively. In his Complaint (Doc. No. 1), Wiesner alleges that Parsons and Cleary signed writs of trespass against him "without notice." According to Wiesner, Parsons asked Wiesner to place notes on cars that were improperly parking overnight in the lot. In a small claims complaint he filed against Parsons, which appears to have been resolved by Parsons's payment of the amount demanded, Wiesner alleged that after Cleary complained to Parsons about the notices Wiesner had placed on the cars, she and Parsons executed the trespass notifications. Doc. No. 5, at 4.

Wiesner has further asserted that his vehicle has handicap plates, which evince his disability. See Doc. No. 5, at 1. Wiesner has also filed as exhibits emails he exchanged with City of Dover, New Hampshire, employees complaining about the writs of trespass and asserting that he believed he was the target of disability discrimination. Wiesner has included an informational notice issued by the Maine Department of Human

2

Rights regarding disability discrimination to with his filings in this case.

Construed liberally, Wiesner's complaint asserts a claim that defendants violated his rights as a handicapped person under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), when they secured writs of trespass barring him from access to a parking lot and businesses owned by defendants.  Doc. No. 4, at 3-7.

## Discussion

The ADA provides, in pertinent part:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).  "To prove a violation of Title III of the ADA, a plaintiff must show that she is disabled within the meaning of the ADA, that the defendant is a private entity that owns or operates a place of public accommodation, and that the plaintiff was denied accommodation because of her disability." Collins v. Dartmouth-Hitchcock Med. Ctr., 2015 DNH 15, 8-9 (DiClerico, J.) (citing Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2010).

A plaintiff can assert three types of ADA Title III claims, of which two may be pertinent here: "disparate treatment" and "disparate impact."  A disparate treatment claim asserts intentional discrimination, "i.e., that the disability actually motivated the defendant's challenged adverse conduct."  Nunes v. Mass. Dep't of Corr., 766 F.3d 136, 144-45 (1st Cir. 2014).  In the alternative, a plaintiff can assert a disparate impact claim, "i.e. that a defendant's challenged conduct, even if not motivated by a discriminatory animus, disparately affects the disabled."  Nat'l Ass'n of the Deaf v. Harvard Univ., No. 3:15-CV-30023-MGM, 2016 WL 3561622, at *4 (D. Mass. Feb. 9, 2016), R&R adopted, No. 15-30023-MGM, 2016 WL 6540446 (D. Mass. Nov. 3, 2016) (citing Nunes, 766 F.3d at 145).

Wiesner has not alleged facts sufficient to state a claim of intentional discrimination.  Although Wiesner has alleged that the disability plates on his car "evince" that he is disabled, Wiesner has not alleged facts showing that defendants were aware that his car had such, or that they otherwise knew that he was disabled, when they obtained writs of trespass.  Even if he had alleged such knowledge, he fails to allege that his disability "actually motivated the defendants." Nunes, 766 F.3d at 144.  Indeed, the small claims complaint states, and other attached documents suggest, that the defendants caused the no trespass writs to issue after Cleary complained about the

4

notes Wiesner was placing on parked cars.  Accordingly, Wiesner's complaint fails to state a claim of disparate treatment discrimination under ADA Title III.

Exhibits filed as complaint addenda indicate that Wiesner considered the writs of trespass to be evidence of "disparate impact" disability discrimination.  "[T]he appropriate inquiry is into the impact on the total group to which a policy or decision applies."  Hallmark Developers, Inc. v. Fulton Cty., 466 F.3d 1276, 1286 (11th Cir. 2006) (race discrimination claim).  "Typically, a disparate impact is demonstrated by statistics."  Id.; see also Tsombanidis v. West Haven Fire Dep't, 352 F.3d 565, 576 (2d Cir. 2003) (observing that it "is not sufficient for disparate impact purposes" to show only that an ordinance "prevents a handicapped person from living in a particular house.").

Wiesner has alleged no facts to support a claim that disabled individuals as a class have been disproportionately impacted by the issuance of writs of trespass by defendants.  Accordingly, Wiesner has failed to state sufficient facts to support an ADA Title III disparate impact claim upon which relief can be granted.[1]

---

[1] Plaintiff also requests money damages.  Money damages are not available to a private individual bringing suit under Title III of the ADA.  See Goodwin v. C.N.J., Inc., 436 F.3d 44, 50 (1st Cir. 2006).

5

## Conclusion

For the foregoing reasons, the district judge should dismiss this claim pursuant to 28 U.S.C. § 1915(e)(2). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 27, 2018

cc:   Anthony Wiesner pro se